COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Garry Fuller v. The State of Texas

Appellate case numbers:  01-14-00796-CR & 01-14-00797-CR

Trial court case numbers: 1379141 & 1413796

Trial court:                    338th District Court, Harris County, Texas

Appellant's appointed counsel, Mark W. Bennett, has not filed briefs on appellant's behalf in the above-referenced appeals. Appellant's briefs in these two causes were first due on December 29, 2014.   On March 10, 2015, the Court granted appellant's second motion for extension of time to file the briefs in these causes, ordering that appellant's briefs be filed by April 3, 2015.  On April 21, 2015 and April 22, 2015, the Clerk of the Court notified appellant that briefs had not yet been filed in these causes and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2).  No response to this notice has been received and no briefs have been filed.

Pursuant to Rule of Appellate Procedure 38.8, we must abate these appeals and remand the cases to the trial court for a hearing.  *See* TEX. R. APP. P. 38.8(b)(2)–(3).  We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, appointed counsel Bennett, and appellant shall be present.[1]  The trial court shall have a court reporter record the hearing.  The trial court is directed to make appropriate findings on these issues:

(1)   whether appellant wishes to prosecute these appeals; and, if so,

(2)   whether appointed counsel Bennett has abandoned the appeals by failing to timely file briefs on appellant's behalf;

(3)   and, if so, whether appellant is presently

---

[1]   If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4) or, if appointed counsel Bennett has not abandoned the appeals, make appropriate findings and recommendations regarding the reason that counsel has failed to file briefs and establish a date by which counsel will file appellant's briefs, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than November 12, 2015.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than November 12, 2015.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

It is so **ORDERED**.

Judge's signature /s/ Rebeca Huddle

☑ Acting individually   ☐ Acting for the Court

Date: October 15, 2015